MARCEL DANDENEAU, Chief Clerk Legislative Assembly Chamber
On behalf of the Committee on Assembly Organization you ask, in effect, how sec. 74.025, Stats., as amended by ch. 418, Laws of 1977, *Page 189 
is to be interpreted. The statute deals with the payment of property taxes.
The specific question you have referred to me is:
 Whether under s. 74.025 of the statutes, as amended by Chapter 418, Laws of 1977, any penalty for late payment should have been assessed at any time since the enactment of Chapter 418, Laws of 1977, by municipalities on any property tax payment made within 5 days of the prescribed payment date, particularly in cases in which the payment is not mailed but is otherwise delivered to the proper official within the 5 day period.
Chapter 418, sec. 519m, Laws of 1977, changed the statute as follows:
 74.025 POSTMARKING BY DUE DATE; TIMELY PAYMENT. Whenever in this chapter or in ch. 75 a payment is required to be made by a taxpayer on or before a certain date, [such]* payment shall be considered timely made if mailed in a properly addressed envelope with postage [duly]*
prepaid, which envelope is postmarked before midnight of the last date prescribed for the making of [such]* the
payment [and]* or if received by the proper official to whom directed within 5 days of [such]* the prescribed date.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Other than changes designed to modernize language, the most significant change was the substitution of the word "or" for the word "and."
You inquire whether the statute may now be interpreted in either of two ways: first, that the payment would be timely if postmarked subsequent to the due date but received by the proper official within five days of the prescribed date; and second, that the payment would not have to be mailed at all and would not be considered overdue if received by the proper official within five days of the prescribed date.
I am of the opinion that the statute as amended relates only to payments by mail and does not relate to situations where the taxpayer personally delivers payment to the proper official.
In my opinion the second construction erroneously fails to treat the phrase "if received . . . within 5 days" as modifying the preceding *Page 190 
phrase "if mailed in a properly addressed envelope with postage prepaid," and in fact inserts a comma prior to the modifying phrase by construction.
The most reasonable interpretation of the amended statute is that the Legislature intended that payment by mail shall be timely if 1) the properly addressed, stamped envelope is postmarked before midnight of the prescribed date, or 2) the payment by mail be received by the proper official within five days of the prescribed date. Such an interpretation allows for timely payment by mail when taxpayer deposits payment in a proper receptacle for United States mail but the post office does not postmark the envelope at all, postmarks it illegibly or does not postmark it until after the prescribed date, provided, however, that the payment is received by mail by the proper official within five days after due date.
Thus, the person whose mailing is timely postmarked need not worry about subsequent delays in the mails, but the person who mails late bears the risk that there will be no delivery within five days of the prescribed date.
BCL:JEA